20307—John Weld Peck, trustee, etc. v. Albert B. C. Chatfield, et al. Motion for Hamilton Appeals to certify. Overruled. Dock. 2-4-27, 5 Abs. 90; OS. Pend. 5 Abs. 140.

20309—The Western Reserve Bank of Warren v. State of Ohio, ex rel. C. C. Crabbe, on behalf of Trumbull county. Motion for Trumbull Appeals to certify. Overru'ed. Dock. 2-5-27, 5 Abs. 90.

20310—William Seitz v. Ohio State Medical Board. Motion for Scioto Appeals to certify. Overruled. Dock. 2-5-27, 5 Abs. 90; OS. Pend. 5 Abs. 140.

20311—Christ Armbruster, etc. v. Charles M. Harrison. Motion for Henry Appeals to certify. Allowed. Dock. 2-5-27, 5 Abs. 90.

20312—Mearly L. Burgoon v. Commercial Mutual Insurance Co. et al. Motion for Allen Appeals to certify. Overruled. Dock. 2-8-27, 5 Abs. 105.

20313—The Canton Brick & Fireproofing Co. v. Chas. Lothamer. Motion for Tuscarawas Appeals to certify. Overruled. Dock. 2-9-27, 5 Abs. 105; OS. Pend. 5 Abs. 140.

20314—Royce A. Whitaker v. Earl C. McCrory. Motion for Wood Appeals to certify. Overruled. Dock. 2-9-27, 5 Abs. 105; OS. Pend. 5 Abs. 140.

20328—Joseph M. Murphy v. Daniel W. Bliss et al. Motion for Lucas Appeals to certify. Overruled. Dock. 2-14-27, 5 Abs. 105.

# SYLLABI
## Cases Decided by Supreme Court

### No. 197

Nos. 20109, 20110, 20111, 20112, 20113, 20114, 20115, 20116 and 20028—Pennsylvania Railroad Co. v. Public Utilities Commission of Ohio and eight other cases. Error to the Public Utilities Commission.

973. PUBLIC UTILITIES COMMISSION—
1. Sec. 614-870 GC. confers discretion on Public Utilities Commission to grant or withhold transfer of certificate of convenience; but consent to transfer same to unqualified purchaser is an abuse of discretion.

2. One who gets certificate of convenience does not acquire any priority right in public highways and same does not add to his capital assets; neither can owner of same credit his business with good will.

ROBINSON, J.

1. Section 614-87a, General Code, confers upon the Public Utilities Commission, after a public hearing, a discretion to grant or withhold consent to the transfer of a certificate of convenience and necessity to operate a motor transportation line; but the consent of such Commission to a transfer of such a certificate to a purchaser who does not possess the qualifications essential to the recipient of an original certificate of convenience and necessity is an abuse of discretion.

2. The recipient of a certificate of convenience and necesisty to operate a motor transportation line over portions of the public highways does not thereby acquire any property right in such highways, and the acquisition of such certificate does not add to his capital assets.

3. A certificate of convenience and necessity to operate a motor transportation line over a portion of the public highways is neither

property nor a business, and good will does not attach thereto; nor does operation over the public highway under such certificate entitle the holder thereof to credit his capital assets with any sum either for good will or going concern.

4. An order of the Public Utilities Commission consenting to the transfer of a certificate of convenience and necessity to a purchaser who is wholly insolvent is unreasonable and unlawful.

5. When it is made to appear that an applicant for the consent of the Public Utilities Commission to a transfer to him of a certificate of convenience and necessity must, to make a showing of solvency, include as capital assets a sum paid for good will or going concern, it is the duty of the Public Utilities Commission, in the interest of the public convenience and necessity, to withhold its consent to such transfer.

6. An application to amend the tariff and schedule of one or each of two certified motor transportation routes, authorized to be operated as separate routes, so as to convert the service of such routes from local service between their respective termini to a through service between the outside termini of the two routes, is in effect an application for a new route, and must be made under Section 614-91, General Code, and publication must be made and notices served as provided in that section; and before an order can issue, granting such service, the Public Utilities Commission must find that the public convenience and necessity require it.

Orders reversed.

Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.